IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MARKELL YOUNG, )<br>OCTAVIOUS FERGUSON, )<br>BAKARI LENON, )<br>JORDAN POWELL, and )<br>MONTERIO ROSS, )<br>)<br>    Defendants. ) | Case No. 1:21-cr-10112-STA |

**ORDER DIRECTING THE GOVERNMENT TO PRODUCE JENCKS MATERIAL AND WITNESS LIST**

      A trial in this matter is set to commence November 6, 2023, and a pretrial status conference is set for October 16, 2023.  At various points during the pretrial phase of the case, the defense has requested the early production of Jencks material.  Rule 16 of the Federal Rules of Criminal Procedure governs pretrial disclosures the government is required to make at the request of the defendant.  Rule 16(a)(1) lists specific kinds of evidence that must be disclosed to the defense before trial including statements of the defendant, the defendant's prior criminal record, and reports of physical or mental examinations and tests that the government intends to use in its case-in-chief.  Fed. R. Crim. P. 16(a)(1).  Rule 16 does not, however, "authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500."  Fed. R. Crim. P. 16(a)(2).

      The Jencks Act, 18 U.S.C.§ 3500, states, "In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a

Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a); *see also United States v. Musick*, 291 F. App'x 706, 727 (6th Cir. 2008). "The general aim of the statute is to restrict the use of Jencks statements to impeachment of a government witness by bringing to the attention of the jury during cross-examination of the witness any variances between his testimony and his pretrial statement." *United States v. Frazier*, 465 F.Supp.3d 791, 795 (M.D. Tenn. 2020). The Jencks Act also functions to protect "potential government witnesses from threats of harm or other intimidation before the witnesses testify at trial." *United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988).

Although "defendants are not given such material to facilitate general trial preparation or as a form of pre-trial discovery[,] . . . it is customary for the Government to turn over such material either shortly before the trial, or in longer trials a week or so before the witness is expected to testify, in order to avoid trial delay while defense counsel reviews the material in preparation for cross-examination." *United States v. Garcia*, 406 F. Supp. 2d 304, 305 (S.D.N.Y. 2005). Furthermore, Rule 16(c) grants a district court the discretion "for good cause, [to] deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(c); *see also* Fed. R. Crim. 57(b) (stating that at "[a] judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."); *Palermo v. United States*, 360 U.S. 343, 353, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959) (remarking that a "[f]inal decision . . . must rest, as it does so very often in procedural and evidentiary matters, within the good sense and experience of the district judge").

The Court finds good cause to order the government to produce Jencks material to the defense in advance of trial. The indictment charges each Defendant with conspiring to commit

murder in aid of racketeering in violation of 18 U.S.C. 1959(a)(5) and aiding and abetting each other in the murder of a victim, all in furtherance of their racketeering activities, a violation of 18 U.S.C. § 1959(a)(1).  As one of the elements of these offenses, the government will need to prove that each Defendant was part of a racketeering "enterprise."  The government has indicated that it will meets its burden on that issue with proof of other types of illegal conduct committed as part of the enterprise and in furtherance of the enterprise.  The government has forecast that the trial may take more than one month.  Under the circumstances, the Court finds good cause to require the government to produce Jencks material in advance of the trial.

Likewise, the Court finds good cause for the pretrial disclosure of the government's witness list.  "[I]t is well-settled that the Constitution does not require pretrial disclosure of prosecution witnesses." *United States v. Edwards*, 47 F.3d 841, 843 (7th Cir. 1995) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977)).  "Nor does [Rule 16], which governs discovery in criminal cases, require such disclosure." *Id.*  Even so, "a district court, consistent with Rule 16 . . . and as part of the court's inherent authority to manage its docket, may in appropriate circumstances require the government to disclose a final list of its proposed trial witnesses and has the authority to enforce such an order." *Frazier*, 465 F.Supp.3d at 795 (quoting *United States v. W.R. Grace*, 526 F.3d 499, 513 (9th Cir. 2008)).  Therefore, the Court will also require the United States to disclose its witness list prior to trial.

The government will provide Jencks materials and its witness list by the close of business on October 11, 2023.  The disclosure requirement is subject to the following caveat.  The government may withhold Jencks material for protected witnesses in order to ensure their safety.  The indictment alleges that Defendants are members of the Hoover Criminal Gang and committed various acts of violence and drug-trafficking to further their criminal enterprise.  To the extent that

3

the government deems it necessary to withhold a witness's identity and/or expected testimony for the sake of witness safety, the government should file *ex parte* a list of such protected witnesses, along with a brief summary of each witness' expected testimony and an explanation for their protected status.  Following an *in camera* review, the Court will make a separate determination about whether pretrial disclosure of protected witnesses to the defense is warranted.  If the United States subsequently comes to believe that the safety of any other witness is at risk, the government has the right to seek modification of the order to disclose Jencks material as to that witness.  The government will also continue to have the right to supplement its witness list at any time before or during trial.

    **IT IS SO ORDERED.**

                                                             s/ S. Thomas Anderson
                                                             S. THOMAS ANDERSON
                                                             UNITED STATES DISTRICT JUDGE

                                                             Date:  October 3, 2023